## ELLIS COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
## CAUSE # 94823

===========================================================================

MARY, MARGARET                          ATTORNEY: WORRALL , MAT*
                                        3737 BUFFALO :
                                        HOUSTON, TX 7*
                                        (713) 963-8881

                          --VS.--

ALLSTATE TEXAS LLOYD'S                  ATTORNEY: BURDETTE, BRAI
                                        700 N. PEARL :
                                        DALLAS, TX 75:
                                        (214) 871-8289

SPRUIELL, JOHN                          ATTORNEY: BURDETTE, BRAI
                                        700 N. PEARL :
                                        DALLAS, TX 75:
                                        (214) 871-8289

CAUSE OF ACTION: OTHER CIVIL
FILE DATE: 11/01/2016

===========================================================================

| DATE | NATURE OF PROCEEDINGS |
| | REMARKS |

===========================================================================

11/01/2016          ORIGINAL PETITION CIVIL
                    PET-PETITION FILING CODE CHOSEN, PLAINTIFF'S ORIGII
                    PETITION

11/01/2016          JURY REQUESTED/FEE PAID

11/01/2016          CITATION SENT BY CERTIFIED MAIL
                    ALLSTATE* MAILED 11/4/16

11/01/2016          CITATION SENT BY CERTIFIED MAIL
                    J SPRUIELL* MAILED 11/4/16

11/01/2016          COPIES

11/01/2016          REQUEST

11/01/2016          STATE INFO SHEET

EXHIBIT
B

11/01/2016            E-FILE SERVICE FEE

11/01/2016            RECEIPT ISSUED
         385826

11/23/2016            ANSWER
        ANSWER/RESPONSE

11/23/2016            E-FILE SERVICE FEE

11/28/2016            RECEIPT ISSUED
         387214

**TOTAL PLEADINGS LISTED: 12**



**Ellis County - 443rd District Court**

Filed 10/31/2016 2:16:04 PM
Melanie Reed
District Clerk
Ellis County, Texas

Cause No. _____ 94823

| | | |
|---|---|---|
| MARGARET MARY | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | ELLIS COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND JOHN | § | |
| SPRUIELL, | § | _____ JUDICIAL DISTRICT |
| *Defendants* | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Margaret Mary, (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, Allstate Texas Lloyd's ("Allstate") and John Spruiell ("Spruiell") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.    Plaintiff, Margaret Mary, is an individual residing in and/or owning property in Ellis County, Texas.

2.    Defendant, Allstate, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action. This defendant may be served by serving its Registered Agent for service of process: C T Corporation, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136, via certified mail, return receipt requested.

3.    Defendant, Spruiell, is an individual residing in Wichita County, Texas and is an adjuster with a designated home state of Texas licensed with the Texas Department of Insurance. This

1



EXHIBIT
B-1

defendant may be served via certified mail, return receipt requested at 2 Daniel Ct., Iowa Park, Texas 76367-1058.

## DISCOVERY LEVEL

4.     Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.     The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.     The Court has jurisdiction over Defendant, Allstate, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.     The Court has jurisdiction over Defendant, Spruiell, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.     Venue is proper in Ellis County, Texas, because the insured property is situated in Ellis County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## FACTS

9.     Plaintiff is the owner of a property insurance policy ("the Policy") issued by Allstate.

10.     Plaintiff owns the insured property located at 3030 Clear Creek Dr. in Midlothian, Ellis

2

County (hereinafter referred to as "the Property"). Allstate sold the Policy insuring the Property to Plaintiff.

11.     On or about April 18, 2015, a hail storm and/or windstorm struck Ellis County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property. The Storm damaged the Property including extensive damage to Plaintiff's roof.

12.     Plaintiff subsequently submitted a claim to Allstate for the damage the Property sustained as a result of the Storm. Plaintiff requested that Allstate cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property.

13.     Defendant Allstate assigned Spruiell as the individual adjuster ("the adjuster") on the claim. The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property. The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection. The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Allstate and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim. As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped

3

Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim. As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.

16.    As detailed in the paragraphs below, Allstate wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.    To date, Allstate continues to delay in the payment for the damages to the Property. As such, Plaintiff has not been paid in full for the damages to the Property.

18.    Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiff.

19.    Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

20.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although

4

they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.0060(a)(2)(A).

21.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

22.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

23.     Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Allstate failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and

5

requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

25.     Defendant Allstate failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.056.

26.     Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

30.     Plaintiff's experience is not an isolated case. The acts and omissions Allstate committed

6

in this case, or similar acts and omissions, occur with such frequency that they constitute a general

business practice of Allstate with regard to handling these types of claims. Allstate's entire process

is unfairly designed to reach favorable outcomes for the company at the expense of the

policyholders.

**CAUSES OF ACTION**

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

**I.      Causes of Action Against Spruiell**

32.     Allstate assigned Spruiell to adjust this claim. Spruiell was improperly trained and

performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Spruiell

did not properly assess all damages caused by the Storm and omitted covered damages from the

report including the full extent of damage to the roof. Spruiell refused to fully compensate Plaintiff

for the full amount Plaintiff is entitled under the Policy. The outcome oriented investigation of

Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the

estimated damages were severely underestimated.

**A.      Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

33.     Defendant Spruiell's conduct constitutes multiple violations of the Texas Insurance Code,

Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are

made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Spruiell is individually liable for his unfair and deceptive acts, irrespective of

the fact Spruiell was acting on behalf of Allstate, because Spruiell is a "person" as defined by TEX.

INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association,

partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other

7

legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Spruiell's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Spruiell's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Spruiell failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Spruiell failed to offer Plaintiff adequate

8

compensation without any explanation as to why full payment was not being made. Furthermore, Defendant Spruiell did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Spruiell's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Spruiell did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate. Defendant Spruiell's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Allstate

40.     Allstate intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

### A.     Breach of Contract

41.     Allstate breached the contract of insurance it had with Plaintiff. Allstate breached the

9

contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

**B.   Noncompliance with Texas Insurance Code: Unfair Settlement Practices**

42.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.   Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 5410.060(a)(1).

44.   Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(2)(A).

45.   Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(3).

46.   Defendant Allstate's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of

10

rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### C.     Noncompliance with Texas Insurance Code: Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Allstate failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Allstate failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Allstate delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

### D.     Breach of the Duty of Good Faith and Fair Dealing

52.     Allstate breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the exercise of reasonable diligence, that its liability was reasonably clear.

11

### E.    Knowledge

53.    Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

## DAMAGES

54.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.    The damages caused by the hail storm and/or windstorm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.    For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages. TEX. INS. CODE § 541.152.

58.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

59.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer

12

owed, exemplary damages and damages for emotional stress.

60.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

61.     Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.     Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.     Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     /s/ Matthew J. Worrall
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN: 24031725
        **Andrew A. Woellner**
        SBN: 24060850
        3737 Buffalo Speedway, Suite 1900
        Houston, Texas 77098
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

**ATTORNEYS FOR PLAINTIFF**

14

**ORIGINAL**

10/31/2016 2:16:04 PM

## CIVIL CASE INFORMATION SHEET (REV. 1/13)

94823

| | |
|---|---|
| CAUSE NUMBER *(FOR CLERK USE ONLY):* | COURT *(FOR CLERK USE ONLY):* |

STYLED  Margaret Mary v. Allstate Texas Lloyd's, et al

*(e.g., John Smith v. All American Insurance Co. In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Matthew T. Worrall <br><br> **Email:** mworrall@potts-law.com | **Plaintiff(s)/Petitioner(s):** <br><br> Margaret Mary | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| **Address:** 3737 Buffalo Speedway, Ste. 1900 <br><br> **Telephone:** 713-963-8881 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77098 | **Defendant(s)/Respondent(s):** <br><br> Allstate Texas Lloyd's, et al | **Custodial Parent:** |
| | **Fax:** 713-574-2918 | **Non-Custodial Parent:** |
| **Signature:** | **State Bar No:** 24070883 | **Presumed Father:** |
| | | *[Attach additional page as necessary to list all parties]* |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| **Debt/Contract** <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> **Malpractice** <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: | ☐ Annulment <br> ☐ Declare Marriage Void <br> **Divorce** <br> ☐ With Children <br> ☐ No Children | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other |
| **Foreclosure** <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract | ☐ Other Professional Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> **Product Liability** <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: | **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order | |
| | ☐ Other Injury or Damage: | | **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |
| **Employment** <br> ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | **Other Civil** <br> ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violation <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | | |

| Tax | Probate & Mental Health | | |
|---|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | **Probate/Wills/Intestate Administration** <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-Judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

SCANNED

EXHIBIT
B-2

10/31/2016 2:16:04 PM

Ellis County District Clerk



ORIGINAL

Questions: 972-825-5091

### E-FILING REQUEST FOR ISSUANCE
## CITATIONS,WRITS,NOTICE,PRECEPT,TRO, ETC..

- This document Must be filed as a separate LEAD document when e-filing
- Choose the filing code "Request" and add the type of issuance in the description field
- Select the type of issuance using the "Optional Services" section on the e-filing screen
- If a service document is required, you MUST add the copies using the "Optional Services" section, select Certified Copies/Regular Copies and add as many pages as needed.(Ex: Petition is 5 pages, 3 citations are requested: 5x3=15 pages will need to be printed by Clerk at $1.00 per page).

Cause No. _____ 94823 _____

Document to be served: Plaintiff's Original Petition

Style of Case: Margaret Mary v. Allstate Texas Lloyd's and John Spruiell

---

### PLEASE USE THIS FORM WHEN REQUESTING ISSUANCE OF THE BELOW
### LISTED TYPES OF ISSUANCE THROUGH THE E-FILING SYSTEM.
PLEASE USE OTHER REQUEST FORMS FOR: ABSTRACTS, EXECUTIONS, SUBPOENAS AND ORDER WITHHOLDING

#### Please select the type and quantity of issuance(s) needed:

| Type | Amt. | Quantity | Type | Amt. | Quantity |
|------|------|----------|------|------|----------|
| Citation | $8 | 2 | Writ: Attachment | $8 | |
| Notice | $8 | | Writ: Certiorari | $8 | |
| Precept | $8 | | Writ: Commitment | $8 | |
| Temporary Restraining Order | $8 | | Writ: Garnishment | $8 | |
| Scire Facias | $8 | | Writ: Possession | $8 | |
| Letter Rogatory | $8 | | Writ: Sequestration | $8 | |
| Show Cause Notice | $8 | | Writ: Turnover | $8 | |
| | | | Writ: Other | $8 | |

All service payment options are chosen by picking the correct options in the
"Optional Service" section of e-filing

1

EXHIBIT
B-3

SCANNED

Name of Party to be served: **C T Corporation obo Allstate**      Type: Citation/Certified

Address for service: 1999 Bryan St., Ste. 900

Dallas, Texas 75201-3136

Name of Party to be served: **John Spruiell**      Type: Citation/Certified

Address for service: 2 Daniel Ct.

Iowa Park, Texas 76367-1058

Name of Party to be served: _____      Type: _____

Address for service: _____

Please attach additional pages if there are more parties to be served.

## ALL CITATIONS WILL BE E-FILED BACK TO YOU UNLESS YOU CHOOSE ONE OF THE FOLLOWING OPTIONS.

[✓] I have paid for a copy of the document to attach to the issuance and would like it sent by certified mail.

[ ] I have paid for a copy of the document to attach to the issuance and would like it served by Ellis County Sheriff/Constable: SHF [ ]; PCT1 [ ]; PCT2 [ ]; PCT3 [ ]; PCT4 [ ]

[ ] I have paid for a copy of the document to attach to the issuance and would like it served by posting. (A Motion & Order are required.)

[ ] I would like issuance served by Publication. (A Motion & Order are required.)
Name of Publication _____

**Requestor Name:** Matthew J. Worrall

**Phone No.** 713-963-8881

**E-Mail Address:** mworrall@potts-law.com; kstewart@potts-law.com

2



# THE STATE OF TEXAS
## COUNTY OF ELLIS
### CAUSE NO: 94823
# CITATION

**TO:** ALLSTATE TEXAS LLOYD'S
REG AGENT: CT CORPORATION
1999 BRYAN ST, STE 900
DALLAS, TX 75201-3136

Defendant, in the hereinafter styled and numbered cause: 94823

You are hereby commanded to appear before 443RD JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 94823 styled

**MARY, MARGARET
VS.
ALLSTATE TEXAS LLOYD'S
AND SPRUIELL, JOHN**

Filed in said court on the 11/01/2016

The name and address of the attorney for plaintiff, or the address of the plaintiff is: MATTHEW J. WORRALL, 3737 BUFFALO SPEEDWAY, STE 1900 , HOUSTON, TX 77098

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 4th day of November, 2016.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

**SEAL**

By _____
Mary Hinds, Deputy

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage

ALLSTATE TEXAS LLOYD'S
94823, CM#7015173000017438066
REG. AGENT: CT CORPORATION SYSTEM
1999 BRYAN ST., STE 900
DALLAS, TX 75201-3136

7015 1730 0001 7743 8066

**EXHIBIT**

B-4

## OFFICER'S RETURN - CAUSE # 94823

MARY, MARGARET                              IN THE 443RD JUDICIAL DISTRICT COURT
VS.                                                                         OF
ALLSTATE TEXAS LLOYD'S                       ELLIS COUNTY, TEXAS
SPRUIELL, JOHN

NAME AND ADDRESS FOR SERVICE:
ALLSTATE TEXAS LLOYD'S
REG AGENT: CT CORPORATION
1999 BRYAN ST, STE 900
DALLAS, TX 75201-3136

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in DALLAS County, Texas by delivering to the within named defendant, VIA CMRRR, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:

_____

FEES:
Serving Petition and Copy $_____
Total                              $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

RETURN TO:
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

STATE OF TEXAS        §
COUNTY OF ELLIS       §
SIGNED under oath before me on this _____day of _____,20___.

_____
Notary Public, State of Texas



**ORIGINAL**

THE STATE OF TEXAS
COUNTY OF ELLIS
CAUSE NO: 94823
CITATION

TO:   SPRUIELL, JOHN
      2 DANIEL CT.
      IOWA PARK, TX 76367-1058

Defendant, in the hereinafter styled and numbered cause: 94823

You are hereby commanded to appear before 443RD JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number 94823 styled

MARY, MARGARET
VS.
ALLSTATE TEXAS LLOYD'S
AND SPRUIELL, JOHN

Filed in said court on the 11/01/2016

The name and address of the attorney for plaintiff, or the address of the plaintiff is: MATTHEW J. WORRALL, 3737 BUFFALO SPEEDWAY, STE 1900 , HOUSTON, TX 77098.

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 4th day of November, 2016.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

SEAL

By _____
Mary Hinds, Deputy

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $ _____
☐ Return Receipt (electronic)   $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required      $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$

Postmark
Here

7015 1730 0001 7743 8080

JOHN SPRUIELL
94823, CM#70151730000177438080
2 DANIEL CT
IOWA PARK, TX  76367-1058



EXHIBIT
B-5

## OFFICER'S RETURN – CAUSE # 94823

| | |
|---|---|
| MARY, MARGARET | IN THE 443RD JUDICIAL DISTRICT COURT |
| VS. | OF |
| ALLSTATE TEXAS LLOYD'S | ELLIS COUNTY, TEXAS |
| SPRUIELL, JOHN | |

**NAME AND ADDRESS FOR SERVICE:**
SPRUIELL, JOHN
2 DANIEL CT.
IOWA PARK, TX 76367-1058

Came to hand on the _____ day of _____, 20_____, at _____, o'clock ____.m., and executed
in WICHITA County, Texas by delivering to the within named defendant, VIA CMRRR, a true copy of this Citation with the date of
delivery endorsed thereon, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION, at the following times
and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____            _____, Officer
Total                    $_____            _____, County, Texas
                                      By:_____, Deputy

                                      _____Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT,**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement
below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
                  (First, Middle, Last)

_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____County, State of _____, on the _____day of _____.

                                      _____
                                      Declarant/Authorized Process Server

                                      _____
                                      (Id # & expiration of certification)

**RETURN TO:**
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

                  STATE OF TEXAS      §
                  COUNTY OF ELLIS     §
                  SIGNED under oath before me on this _____day of _____,20___.

                                      _____
                                      Notary Public, State of Texas

12/2/2016 2:41:19 PM
Melanie Reed
District Clerk
Ellis County, Texas

**CAUSE NO. 94823**

| | | |
|---|---|---|
| **MARGARET MARY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ELLIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S and** | § | |
| **JOHN SPRUIELL,** | § | |
| | § | |
| **Defendants.** | § | **443rd JUDICIAL DISTRICT** |

## ORIGINAL ANSWER OF ALLSTATE TEXAS LLOYD'S
## AND JOHN SPRUIELL

Allstate Texas Lloyd's and John Spruiell (collectively, "Defendants"), Defendants in the above-entitled action, files their Original Answer and would show:

### I.
### ORIGINAL ANSWER

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations in Plaintiff's Original Petition, and, since they are allegations of fact, requests that the Plaintiff be required to prove them by a preponderance of the credible evidence as is required by state law.

WHEREFORE, Defendants request that upon trial and hearing hereof, Plaintiff recover nothing from Defendants, and that Defendants recover all costs of court and such other and further relief at law or in equity to which they may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Bradford K. Burdette*
Bradford K. Burdette
State Bar No. 03364700
bburdette@thompsoncoe.com



EXHIBIT
B-6

Roger D. Higgins
State Bar No. 9601500
rhiggins@thompsoncoe.com
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8289
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S and
JOHN SPRUIELL**

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2016, a true and correct copy of the foregoing document was served upon all known counsel by electronic service in accordance with the Texas Rules of Civil Procedure:

Matthew J. Worrall
The Potts Law Firm, LLP
100 Waugh Drive, Suite 350
Houston, TX 77007

*/s/ Bradford K. Burdette*
Bradford K. Burdette