IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARGARET MARY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-3383-L |
| | § | |
| ALLSTATE TEXAS LLOYD'S AND | § | |
| JOHN SPRUIELL, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Margaret Mary has filed a motion to remand. *See* Dkt. No. 13. United States District Judge Sam A. Lindsay has referred the motion to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 14.

Defendants Allstate Texas Lloyd's and John Spruiell have filed a response. *See* Dkt. No. 16. Plaintiff has not filed a reply, and her deadline to do so has passed.

For the reasons explained below, Plaintiff's Motion to Remand and Brief in Support [Dkt. No. 13] should be granted.

### Background

This case arises out of an April 18, 2015 storm that damaged Margaret Mary's property and prompted her to submit a claim to her property insurer, Allstate Texas Lloyd's. Dissatisfied with the adjustment of her claim, on October 31, 2016, Ms. Mary initiated this lawsuit by filing her Original Petition (the "State Court Petition") in

County Court at Law No. 1, Ellis County, Texas.

Ms. Mary's State Court Petition alleges claims against Allstate and the property damage claim adjuster, John Spruiell, for violations of the Texas Insurance Code. *See* Dkt. No. 13-1 at 20-24 of 48. She also brings claims against Allstate alone for breach of contract and breach of the duty of good faith and fair dealing. *See id.* at 22-25 of 48. Ms. Mary seeks monetary damages under contract law and under the Texas Insurance Code, and she also requests attorneys' fees.

Allstate removed the case to federal court based solely on diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Dkt. No. 1 at 2. It contends that complete diversity exists because "Plaintiff is, and was at the time the lawsuit was filed, a natural person and a resident of Ellis County in the State of Texas" and Allstate is, and was at the time the lawsuit was filed, a citizen of Illinois and New Jersey. *Id.* at 3. Allstate also reports that Spruiell, "although not a proper party to this lawsuit, is, and was at the time the lawsuit was filed, a citizen of the State Texas." *Id.*

Allstate reasons that Ms. Mary improperly joined Spruiell in this action because Ms. Mary has not and cannot state a state-law claim against Spruiell. *See id.* at 5-6. Ms. Mary maintains in her Motion to Remand that complete diversity exists and that she has valid causes of action against Spruiell under Texas law. In light of the parties' dispute, the undersigned limits the discussion of the facts to those necessary to evaluate Spruiell's alleged improper joinder.

Ms. Mary contends that Spruiell is individually liable to her under the Texas

Insurance Code "for his unfair and deceptive acts, irrespective of the fact Spruiell was acting on behalf of Allstate, because Spruiell is a 'person' as defined by [the Code]." Dkt. No. 13 at 7. Ms. Mary specifically argues that Spruiell (1) failed to conduct a reasonable inspection and investigation of Ms. Mary's damages; (2) stated that Ms. Mary's property damages were less than they actually were; (3) used his and Allstate's own statements about the damages as a basis for denying Ms. Mary properly covered damages; and (4) failed to provide an adequate explanation for the underpayment Ms. Mary received. *See id.* at 7. Ms. Mary also claims that Spruiell failed to submit a reservation of rights or to affirm or deny coverage of her claim within a reasonable time. *See id.* at 8. Each of these "misrepresentations by means of deceptive conduct," Ms. Mary alleges, "constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance," *id.* at 7, and violates Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code, *see id.* at 7-8.

Allstate argues in response that Ms. Mary's State Court Petition fails to state a claim against Spruiell for three reasons. First, Allstate maintains that Ms. Mary's claims against Spruiell have nothing to do with his actions and that they are actually claims against Allstate for underpaying Ms. Mary's property damage claim. Second, Allstate maintains that Ms. Mary's "boilerplate language" in her State Court Petition does not provide specific enough facts to support a claim against Spruiell. Third, Allstate argues that Ms. Mary cannot bring Texas Insurance Code § 541.060 claims against Spruiell as an individual because the subsections prohibiting unfair settlement

practices, Allstate explains, apply only to insurers.

Allstate also asserts that Ms. Mary's claims against Spruiell are barred by two special points of doctrine that limit an insured's ability to recover damages in disputing an insurance claim settlement. Allstate explains that, under the *bona fide* dispute rule, Allstate – and thus, Spruiell – cannot be liable to Ms. Mary for bad faith claim handling where there exists a *bona fide* dispute as to the contractual amount owed. Similarly, Allstate contends that, under the economic loss doctrine and independent injury rule, Ms. Mary cannot recover extra-contractual damages because Ms. Mary has not shown that she suffered any injury independent from Allstate's alleged underpayment of policy benefits.

## Legal Standard

I.    Federal Jurisdiction and Removal

A federal court's jurisdiction is limited, and federal courts generally may hear a case of this nature only if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

A defendant may remove an action filed in state court to federal court on the basis of diversity if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

28 U.S.C. § 1332 creates federal subject matter jurisdiction where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332(a), (b). "A district court cannot exercise diversity jurisdiction if

one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). To establish subject matter jurisdiction, "the party asserting federal jurisdiction must distinctly and affirmatively allege [ ] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation and internal quotations omitted). And, if no amount of damages was alleged in the state court petition, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575.

A defendant alleging that a non-diverse defendant is improperly joined has the

heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Where there is no dispute or allegation of actual fraud concerning the fact that both the plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, the plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). "To establish improper joinder under the second prong, the defendant must demonstrate 'that there is no possibility of recovery' against the in-state or non-diverse defendant, 'which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant.'" *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017) (quoting *Smallwood*, 385 F.3d at 573). "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Smallwood*, 385 F.3d at 573 n.9 (internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has further instructed that, "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573. "The burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show

that sham defendants were added to defeat jurisdiction," such that "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient" and, "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." *Id.* at 575; *see also id.* at 574 (explaining that, "when, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit," and that, "[i]n such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper," and, "[i]n such circumstance, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such").

Ordinarily, "to determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the ... defendant.'" *Alviar*, 854 F.3d at 289 (quoting *Smallwood*, 385 F.3d at 573). In performing this analysis, a court must consider the allegations in the state-court petition at the time of removal. *See id.* at 290 n.1. If, however, the plaintiff has "omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006).

But the Fifth Circuit has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant" and that "any piercing of the pleadings should not entail substantial hearings." *Smallwood*, 385 F.3d at 573-74. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the [non-diverse] defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 574. Further, "[i]n this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.*

II.    Rule 12(b)(6) Standard

The Fifth Circuit recently clarified that the federal pleading standard, not a state pleading standard, applies to determine whether a non-diverse defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-01 (5th Cir. 2016) (abrogating three *post-Smallwood* Fifth Circuit cases applying a state pleading standard instead the federal pleading standard). The "12(b)(6)-type analysis ... is shorthand for the federal pleading standard itself ... promulgated by the Supreme Court in the *Bell v. Twombly* and *Ashcroft v. Iqbal* opinions." *Id.* at 203.

-8-

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, a court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory

statements, will not suffice. *See id.*

But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)). The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

III.   Texas Insurance Code Chapter 541

Chapter 541 of the Texas Insurance Code prohibits a person – defined as "an individual ... engaged in the business of insurance, including an ... adjuster," TEX. INS. CODE § 541.002 – from engaging in "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance," TEX. INS. CODE § 541.003. The sections within Chapter 541 must "be liberally construed and applied." TEX. INS. CODE § 541.008.

The Supreme Court of Texas and the Fifth Circuit agree that an insurance claim adjuster may be held personally liable under Chapter 541 of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex.

-10-

1996); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007). Still, federal district court decisions disagree regarding which specific provisions expose an individual adjuster to liability.

Section 541.060(a)(1) forbids "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." TEX. INS. CODE § 541.060(a)(1). Most district court decisions agree that an individual adjuster may be held liable under Section 541.060(a)(1), *see, e.g.*, *Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1099-G, 2015 WL 4868483, at *4, (N.D. Tex. Aug. 13, 2015); *Ross v. Nationwide Prop. & Cas. Ins. Co.*, No. H-12-3495, 2013 WL 1290225, at *3 (S.D. Tex. Mar. 26, 2013), but some have held that the adjuster's misrepresentation "must be about the details of a policy, not the facts giving rise to a claim for coverage," *One Way Invs., Inc.* v. *Century Sur. Co.*, No. 3:14-cv-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

Section 541.060(a)(2) prohibits failing "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of ... a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2). Many district court decisions have held that Section 541.060(a)(2) provides a cause of action against individual adjusters, reasoning that, "[a]s the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about 'prompt, fair, and equitable settlement' of

claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." *Gibson v. Liberty Ins. Corp.*, No. 3:16-cv-3099-B, 2017 WL 3268028, at *8-9 (N.D. Tex. July 31, 2017) (quoting *Denley Grp., LLC v. Safeco Ins. Co of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30, 2015)); *Roach v. Vehicle*, No. 3:15-cv-3228-G, 2016 WL 795967, at *5 (N.D. Tex. Feb. 29, 2016); *Yeldell v. GeoVera Specialty Ins. Co.*, No 3:12-cv-1908-M, 2012 WL 5451822, at *4 (N.D. Tex. Nov. 8, 2012); *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 (S.D. Tex. 2001).

But others have concluded that "[a]n adjuster 'cannot be held liable under [Section 541.060(a)(2)] because, as an adjuster, he does not have settlement authority on behalf of the insurer.'" *Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15-cv-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) (quoting *Messermith*, 10 F. Supp. 3d at 724); *One Way Invs., Inc.*, 2014 WL 6991277, at *4-5.

District court decisions are similarly split regarding Section 541.060(a)(3), which proscribes neglecting to "promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." TEX. INS. CODE § 541.060(a)(3). Although many district court decisions have found that Section 541.060(a)(3) is not applicable to individual adjusters, *see Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016)*; Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug.

-12-

31, 2015), several district court decisions have held otherwise, *see Petree v. Metropolitan Lloyds Ins. Co. Of Tex.*, No. 3:16-cv-735-G, 2016 WL 3090592, at *4 (N.D. Tex. June 2, 2016); *Exchange Servs., Inc. v. Seneca Ins. Co., Inc.*, No. 3:15-cv-1873-M, 2015 WL 6163383, at *4 (N.D. Tex. Oct. 16, 2015).

Section 541.060(a)(4) prohibits "failing within a reasonable time to (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder." TEX. INS. CODE § 541.060(a)(4). The few district court decisions that have addressed whether Section 541.060(a)(4) applies to adjusters have borrowed the *Messersmith* approach above, holding that "an adjuster cannot be held liable under [Section 541.060(a)(4)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *One Way Invs., Inc.*, 2014 WL 6991277, at *5 (also noting that "[t]he court ... located no case under § 541.060(a)(4)(A) or its predecessor statute indicating that it applies to adjusters"); *see also Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, No. 3:16-cv-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016).

Section 541.060(a)(7) bars refusal "to pay a claim without conducting a reasonable investigation with respect to the claim." TEX. INS. CODE § 541.060(a)(7). Several decisions from courts within the Fifth Circuit have declined to recognize a Section 541.060(a)(7) cause of action against individual adjusters. *See, e.g.*, *Mainali*, 2015 WL 5098047, at *4 (citing to *Messersmith*, 10 F. Supp. 3d at 725); *Slabaugh v. Allstate Ins. Co.*, No. 4:15-cv-115, 2015 WL 4046250, at *10 (E.D. Tex. June 30, 2015).

-13-

But other decisions have held to the contrary. *See, e.g.*, *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, No. H-16-3676, 2017 WL 3431816, at *6 (S.D. Tex. Aug. 9, 2017) (citing to *Ross*, 2013 WL 1290225, at *4); *Exchange Servs.*, 2015 WL 6163383, at *4.

## Analysis

Allstate removed this action to federal court based solely on Section 1332(a) diversity jurisdiction. Although the amount in controversy has been satisfied – Ms. Mary explicitly seeks monetary relief over $200,000 – the parties dispute whether complete diversity exists. Ms. Mary insists that complete diversity is lacking because she and Spruiell are both Texas citizens. Dkt. No. 13 at 1-2. Allstate counters that Spruiell's citizenship should not be considered for the purpose of determining diversity because Spruiell has been improperly joined in this action. *See* Dkt. No. 16 at 5.

The undersigned concludes that Spruiell was not improperly joined. Spruiell's citizenship thus destroys diversity, and the undersigned recommends granting Ms. Mary's Motion to Remand.

I.    Plaintiff's Motion to Remand should be granted because Ms. Mary has stated a plausible claim against Spruiell to survive a Rule 12(b)(6) challenge.

As the removing party, Allstate must carry its heavy burden of proving improper joinder, *see Smallwood*, 385 F. 3d at 576, and show that Ms. Mary either (1) committed "actual fraud in the pleading of jurisdictional facts," or (2) is unable "to establish a cause of action against the non-diverse party in state court," *Crockett*, 436 F. 3d at 532 (internal quotation marks omitted). Here, there is no dispute or allegation of actual fraud. The sole concern is whether Ms. Mary "can survive a Rule 12(b)(6) challenge for

failure to state a claim" against Spruiell. *Davidson*, 819 F.3d at 765.

Ms. Mary has alleged claims against Spruiell under several subsections of Section 541.060: (a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7). To succeed on her Motion to Remand, and defeat a claim of improper joinder, Ms. Mary must plead facts sufficient to show that at least one of the Section 541.060 claims that she asserted against Spruiell has "substantive plausibility" by stating "simply, concisely, and directly events" that Ms. Mary contends entitles her to relief. "[E]ven a single valid cause of action against [non-diverse] defendants ... requires remand of the entire case to state court." *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

Allstate contends that Ms. Mary has failed to state a claim against Spruiell – and that his joinder was therefore improper – for three reasons. First, Allstate contends that Section 541.060 as a whole is inapplicable to Spruiell in his individual capacity. Second, Allstate argues that, even if Section 541.060 does provide a cause of action against individual adjusters, Ms. Mary has not alleged sufficient facts to state a claim against Spruiell. Third, Allstate asserts that the *bona fide* dispute rule and the independent injury rule bar Ms. Mary's recovery.

But Allstate's first and third reasons for improper joinder are inconsistent with Fifth Circuit precedent. First, despite the division among district court decisions regarding which provisions within Chapter 541 provide a cause of action against adjusters, the Fifth Circuit's opinion in *Gasch* is controlling.

In *Gasch*, the plaintiffs sued their insurance company and its adjuster after the plaintiff's claim for death benefits was denied, arguing that the insurer's liability was

reasonably clear, or, in the alternative, that the claim was unreasonably investigated. 491 F.3d at 280. The defendants maintained that, because there was "no evidence of a viable claim against [him]," the insurance adjuster had been improperly joined. *Id.* at 281. Relying on Texas Supreme Court jurisprudence, the Fifth Circuit rejected the defendants' argument that claim adjusters may not be held individually liable for a violation of Article 21.21, the predecessor to Chapter 541: "Texas law clearly authorizes Article 21.21 actions against insurance adjusters in their individual capacities...." *Id.* at 282 (referencing *Garrison Contractors, Inc.*, 966 S.W.2d at 484-86 (holding that an insurer's employees who are engaged in the business of insurance may be held individually liable under Article 21.21)).

Applying *Gasch* to recognize a Section 541.060 cause of action against Spruiell here is consistent with Chapter 541's text. Unlike the various district court decisions distinguishing the roles of an adjuster and the insurance company, the statute itself makes no such distinction. Rather, Chapter 541 defines "person" to specifically include adjusters – a definition that applies to all of Chapter 541's provisions. *See* TEX. INS. CODE § 541.002. And Chapter 541 mandates that courts interpret its provisions broadly to abate unfair competition and deceptive practices in the insurance industry. *See* TEX. INS. CODE § 541.008.

Allstate's argument that specific parts of Section 541.060, and the Section as a whole, do not create individual adjuster liability, is therefore inconsistent with Texas Supreme Court precedent, the Fifth Circuit's application of that precedent in *Gasch*,

and Chapter 541's explicit text.

Second, Allstate's third argument – that Ms. Mary failed to state a claim against Spruiell because the *bona fide* dispute rule and independent injury rule restrict her recovery against Spruiell and Allstate – runs aground on the Fifth Circuit's rule in *Smallwood* that, "[w]hen the only proffered justification is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." 385 F.3d at 575. Whether the *bona fide* dispute rule or the independent injury rule bars Ms. Mary's recovery goes to the entire case – rather than the propriety of the joinder – and compels the same result for both defendants. *See id.* at 574. Even if ultimately true, Allstate's suggestion that Ms. Mary's claims will fail against both Allstate and Spruiell does not establish that Spruiell was improperly joined.

In determining whether Ms. Mary has stated a plausible claim to relief against Spruiell so that his joinder was not improper, the undersigned focuses on just one remaining issue: whether Ms. Mary has alleged sufficient facts to support any of her Section 541.060 claims against Spruiell.

Allstate argues that Ms. Mary has failed to state a claim against Spruiell under Section 541.060 because her allegations against Spruiell are (1) indistinguishable from those against Allstate and (2) supported only by general, "boilerplate" language, and not specific facts.

First, to support its argument that Ms. Mary "fail[ed] to state a viable claim

-17-

against Spruiell in his individual capacity because [she] offered no specific facts distinct from those asserted against Allstate," Dkt. 16 at 9 of 16, Allstate cites to two district court cases: *Aguilar v. State Farm Lloyds*, No. 4:15-cv-565-A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015), and *Keen v. Wausau Business Ins. Co.*, 875 F. Supp. 2d 682, 686 (S.D. Tex. 2012).

But, again, the Fifth Circuit's decision in *Gasch* controls here. In *Gasch*, "the allegations against [the adjuster] were joined with and identical to the allegations against [the insurer]." *Id.* at 284 (quoting the *Gasch* defendants' own argument). Yet the court imposed no rule requiring separate and distinct claims and factual allegations against the adjuster and insurer. The Fifth Circuit instead applied the *Smallwood* rule, noting that the sameness of the allegations, and the potential lack of evidence to support those against the adjuster, went to the merits of the case and not to improper joinder. And, despite the identical claims against the insurer and adjuster, the Court of Appeals ultimately held that joinder was proper. The undersigned thus declines to require Ms. Mary to state separate and distinct allegations against Spruiell and Allstate.

Still, Allstate maintains that, to be liable under the Texas Insurance Code, "the adjuster, individually, must have committed the violation that caused the harm," noting that "[t]hat is not the case here" and citing to *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F. Supp. 2d 697 (S.D. Tex. 2007), without further explanation. But *Frisby*, a decision in which the district court applied the *Smallwood* rule to determine that

joinder was not improper before granting a renewed motion for remand, *see* 500 F. Supp. 2d at 701, provides little substantive support for Allstate's position here. And Allstate does not explain *Frisby*'s factual relevance to this case.

The value that *Frisby* provides here is limited to its recitation of the Fifth Circuit's rule in *Hornbuckle* that "an insurance adjuster [can] be found liable under the Texas Insurance Code, but only if the adjuster, as an individual, committed the violation that caused the harm." (*Id.* at 700 (citing *Hornbuckle*, 385 F.3d 538, 544 (5th Cir. 2004) (finding insufficient evidence to sustain a finding that the adjuster himself committed a violation and holding joiner of the adjuster was improper)). But even *Hornbuckle* has limited significance in this case. In *Hornbuckle*, the defendant's removal was not based on whether the plaintiff had pleaded causes of action that meet the threshold of stating a claim upon which relief could be granted. *See* 385 F.3d at 545. Instead, after substantial discovery was completed, the *Hornbuckle* court conducted a summary-judgment-type inquiry to determine that the plaintiff had presented no substantial evidence to sustain a finding that the adjuster individually violated the law. *See id.*

Many district court decisions conducting a 12(b)(6)-type analysis of improper joinder have required plaintiffs to allege that an insurance adjuster committed acts independent from the insurer. *See Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352, at *4 (E.D. Tex. Jan 21, 2014) (citing *Griggs*, 181 F.3d at 699). And the Fifth Circuit has made clear that, despite Texas law's liberal notice pleading

-19-

requirements, a plaintiff must state specific actionable conduct on the part of the adjuster. *See Griggs*, 181 F.3d at 699. But, in *Griggs*, the plaintiff's petition mentioned the adjuster just once in passing and "fail[ed] to state any specific actionable conduct on [the adjuster's] part whatsoever." *Id.* And, here, Ms. Mary's State Court Petition clearly distinguishes between the individual actions of Spruiell, the actions of Allstate, and the actions attributable to both defendants. Ms. Mary's frequent reference to Spruiell and his specific role in handling her claim leaves no question that Spruiell, and not Allstate, personally investigated the damage to Ms. Mary's property, evaluated the cost to repair those damages, and communicated with Ms. Mary regarding her coverage – the acts central to Ms. Mary's claims against Spruiell under Section 540.060.

Second, Allstate contends that Ms. Mary's allegations against Spruiell are too generic to state a claim. Quoting the entire analysis section of the district court's opinion in *Hidden Cove Park & Marina, Marine Quest Hidden Cove LP v. Lexington Ins. Co.*, No. 4:17-cv-00193, 2017 WL 2120036 (E.D. Tex. May 16, 2017), and citing to two other federal district court decisions, Allstate argues that, for each of her claims against Spruiell, Ms. Mary's allegations constitute mere formulaic labels and conclusions, which are insufficient under the Rule 12(b)(6) standard.

But a review of Ms. Mary's State Court Petition as a whole suggests otherwise. One of Ms. Mary's claims against Spruiell is for violating Section 541.060(a)(2)(A) by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear." To support her

claim, Ms. Mary alleges several instances of unfair and improper conduct by Spruiell that would suggest Spruiell acted in bad faith, particularly with respect to evaluating Ms. Mary's roof damages. She alleges that:

- "The adjuster ... failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting plaintiff's property," Dkt. No. 13-1 at 16 of 48;

- "The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection," *id.*;

- "Spruiell did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof," *id.* at 20 of 48;

- "Defendants[] ... use[d] their own statements about the non-severity of the damages as a basis for denying properly covered damages," *id.* at 21 of 48;

- "Defendant Spruiell did not properly inspect the property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Allstate," *id.* at 22 of 48;

- "Together, Defendants set about to deny and/or underpay on properly covered damages," *id.* at 16 of 48; and

- "Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the

policy," *id.* at 17-18 of 48.

Other courts have found that a plaintiff has successfully stated a claim for violation of Section 541.060(a)(2)(A) based on allegations substantially similar to those Ms. Mary presents here. *See, e.g.*, *Richard v. Geovera Specialty Ins. Co.*, No. 4:16-cv-2496, 2016 WL 6525438, at *4 (S.D. Tex. Nov. 3, 2016) (holding that a plaintiff stated a claim by alleging that the adjuster undervalued damages to the plaintiff's property, conducted a "substandard inspection" after spending "an insufficient amount of time" at the property, and failed to recognize damage to Plaintiff's property); *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-cv-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016) (granting a motion to remand where the plaintiff alleged that the adjuster "failed to inspect the property and the damages, failed to request information, [and] failed to fully investigate [the] claim"); *Roach*, 2016 WL 795967, at *7 (finding that a plaintiff pleaded a potentially valid claim for relief by asserting that the adjuster "failed to attempt to effectuate an equitable settlement by 'conduct[ing] a substandard inspection,' 'fail[ing] to include many' of Roach's damages in his report, 'misrepresent[ing] the cause of, scope of, and cost to repair the damage' to Roach's property, and 'ma[king] these and other misrepresentations' to both Roach and to Allstate"). The undersigned thus concludes that Ms. Mary's factual allegations are sufficient for the limited purpose of demonstrating that Ms. Mary might possibly succeed on this claim.

Because Ms. Mary states a plausible claim to relief against Spruiell, at least under Section 541.060(a)(2)(A), the undersigned concludes that there is a reasonable

basis to predict that Ms. Mary might be able to recover against Spruiell and that therefore Spruiell was not improperly joined. The undersigned thus recommends granting Ms. Mary's Motion for Remand.

II.    Ms. Mary should not be awarded attorneys' fees and costs incurred as a result of Allstate's removal of the case.

Ms. Mary seeks her attorneys' fees and costs incurred for obtaining a remand of this action to state court. *See* Dkt. No. 13 at 15. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees," but bad faith is not "a prerequisite to awarding attorney fees and costs." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000) (citation omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

The Court must thus decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Although the law regarding diversity of citizenship and improper joinder is

settled, as laid out above, the law regarding Ms. Mary's Texas Insurance Code claims is less well established. The undersigned recommends that the Court conclude that, although incorrect, Allstate had objectively reasonable grounds to remove this action. Ms. Mary is, therefore, not entitled to recover her reasonable attorneys' fees and costs incurred for the removal of this action to federal court.

## Recommendation

The Court should grant Plaintiff's Motion to Remand [Dkt. No. 13] for the reasons explained above and remand this action to the 443rd Judicial District Court of Ellis County, Texas, from which it originated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific findings or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, expect upon gourds of plain error. *See Douglass v. United*

*Servs. Auto. Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

     Dated: October 5, 2017

                                      _____

                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE