IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARGARET MARY,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:16-CV-3383-L-BN** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S and** | § | |
| **JOHN SPURIELL,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On October 5, 2017, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court: (1) grant Plaintiff's Motion to Remand (Doc. 13) because there is a reasonable basis to predict that Plaintiff Margaret Mary ("Plaintiff") might be able to recover against nondiverse Defendant John Spuriell ("Spuriell") on one or more of her claims under Chapter 541 of the Texas Insurance Code and, thus, Spuriell was not improperly joined; and (2) deny Plaintiff's request for attorney's fees. Defendants filed objections to the Report on October 19, 2017. For the reasons herein explained, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 13), **denies** Plaintiff's request for attorney's fees, and **overrules** Defendants' objections.

**I.   Improper Joinder**

Defendants object to the magistrate judge's improper joinder analysis and recommendation. Defendants' objections consist primarily of arguments that were presented to and rejected by the

magistrate judge. Defendants assert that there is "no reasonable possibility of recovery against Spruriell" under sections 541.060(a)(1) or (a)(2) of the Texas Insurance Code. Defendants provide no explanation for this conclusory objection with respect to § 541.060(a)(1). Defs.' Obj. 1-5. Defendants contend that, as a matter of law, § 541.060(a)(2) applies only to insurers, not adjusters like Spuriell because adjusters have no settlement authority, and Plaintiff does not allege that Spuriell has settlement authority. Defendants acknowledge the split of authority discussed in the parties' respective briefs and the Report regarding adjuster liability under § 541.060(a)(2) but maintain, without explanation, that the authority favorable to the position taken by them is the "better approach." Defs.' Obj. 2. In addition, Defendants contend that Plaintiff's allegations consist of boilerplate legal conclusions disguised as factual allegations. Defendants argue that counsel for Plaintiff has included allegations in pleadings in numerous other state court cases that are identical to those in this case.

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). As correctly noted by the magistrate judge, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See id.* at 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

Applying the standard in *Smallwood* for improper joinder, this court and others have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under § 541.060(a)(2) of the Texas Insurance Code because the adjuster can effect or bring

**Memorandum Opinion and Order – Page 2**

about the settlement of an insured's claim. *See Avila v. Metropolitan Lloyds Ins. Co. of Tex.*, No. 3:16-CV-3007-L-BN, 2017 WL 1232529 (N.D. Tex., Feb. 21, 2017), *report and recommendation adopted by* 2017 WL 1211339 (N.D. Tex., Apr. 3, 2017); *Lopez-Welch v. State Farm Lloyds*, 3:14-CV-2416-L, 2014 WL 5502277, at *8-9 (N.D. Tex. Oct. 31, 2014); *see also Arrow Bolt & Elec., Inc. v. Landmark Am. Ins. Co.*, 3:17-CV-1894-M, 2017 WL 4548319, at *2 (N.D. Tex. Oct. 12, 2017); *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, No. A-15-CA-843-SS, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, 3:15-CV-1183-B, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015); *Linron Prop., Ltd. v. Wausau Underwriters Ins. Co.*, 2015 WL 3755071, at *5 (N.D. Tex. June 16, 2015).

The court is aware that, despite the abundant case authority supporting adjuster liability under § 541.060, a handful of courts have questioned the appropriateness of holding an adjuster individually liable for unfair settlement practices under § 541.060. *See id.* (discussing split of authority). These cases reason that an adjuster cannot be liable under § 541.060 for failing to settle or pay claims because an adjuster only assesses the damage and does not have authority to settle an insured's claim on behalf of the insurance company. *Id.* (citations omitted). While seemingly logical, this reasoning does not account for the plain language of § 541.060. As noted by the magistrate judge, Chapter 541 defines "person" to include adjusters, and the statute does not distinguish between the roles of insurers and adjusters. Report 16 (citing Tex. Ins. Code 541.002).

Additionally, liability under § 541.060(a)(2) is not limited to final settlement of claims but instead covers a broader swath of conduct related to claim settlement. Specifically, § 541.060(a)(2) prohibits those engaged in the business of insurance from "failing to attempt in good faith to

**Memorandum Opinion and Order – Page 3**

*effectuate* a prompt, fair, and equitable settlement." § 541.060(a)(2)(A) (emphasis added). To "effectuate" means "to cause to come into being" or "to bring about." *Linron Prop., Ltd.*, 2015 WL 3755071, at *5 (quoting Merriam–Webster's Collegiate Dictionary 397 (11th ed. 2003). As noted by the court in *Linron Properties*, the use of the word "effectuate" in § 541.060(a)(2)(A) "rather than a word that conveys finality (e.g., finalize), suggests that its prohibition extends to all persons who play a role in bringing about a prompt, fair, and equitable settlement of a claim," not just insurers who finalize the settlement of a claim. *Id.* at *5. "As the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about the 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based." *Id.* (citing *Arana v. Allstate Texas Lloyds*, No. 3:13-CV-0750-D, 2013 WL 2149589, at *5 (N.D. Tex. May 17, 2013). As a result, delay caused by an adjuster's investigation can delay the payment of a claim, and an insufficient investigation may lead to an unfair settlement of a claim. Thus, based on the reasoning in *Linron Properties* and the Report, the court believes that the "better approach" is to construe § 541.060(a)(2)(A) as not precluding, as a matter of law, claims against adjusters but instead as requiring the analysis of an adjuster's liability to be viewed on a case by case basis.

Moreover, in deciding Plaintiff's Motion to Remand, any split of authority regarding the scope of an adjuster's liability under the Texas Insurance Code weighs in favor of remand because ambiguities in state law are construed against removal and in favor of remand. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) ("[A]ny ambiguities of state law must be resolved" in favor of remand.); *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand

to state court."); *Arrow Bolt & Elec., Inc.*, 2017 WL 4548319, at *3 n.2 (concluding that split of authority regarding adjuster liability under Chapter 541 weighed in favor of remand); *Roach v. Vehicle*, 2016 WL 795967, at *6 (N.D. Tex. Feb. 29, 2016) ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand.").

Regarding the sufficiency of Plaintiff's pleadings, the court, having reviewed Plaintiff's Original Petition, agrees with the magistrate judge that Plaintiff has pled sufficient facts to support a claim against Spuriell for violations of § 541.060(a)(2), notwithstanding Defendants' contention to the contrary. In ruling on Plaintiff's Motion to Remand, the court only asks whether there is a reasonable basis to predict that Plaintiff might be able to recover against Spuriell. *See Smallwood*, 385 F.3d at 573. Because there is a reasonable basis to predict that Plaintiff might be able to recover against Spuriell under § 541.060(a)(2), and because Plaintiff's Original Petition sets forth sufficient facts under the federal pleading standard to state a claim against Spuriell under § 541.060(a)(2) of the Texas Insurance Code, the court determines that Spuriell was not improperly joined. Further, as Plaintiff and Spuriell are citizens of Texas, diversity jurisdiction is lacking, and the court must remand this case to state court. 28 U.S.C. § 1447(c).

While Plaintiff has pleaded other claims, some of which form the basis for Defendants' objections to the Report, the court need not determine whether Plaintiff has set forth sufficient facts for it to predict that a reasonable basis exists for recovery as to each claim or cause of action asserted. This is so because 28 U.S.C. § 1441's "holistic approach to removal mandates that the existence of even a single valid cause against [an] in-state defendant[] (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray v. Beverly*

**Memorandum Opinion and Order – Page 5**

*Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) (footnote omitted). As the court has determined that Plaintiff has adequately pleaded at least one claim under Chapter 541 of the Texas Insurance Code, it need not focus on the sufficiency of Plaintiff's pleadings as to the other claims or Defendants' objections regarding Plaintiff's other claims.

Defendants also contend that Spuriell was improperly joined because Plaintiff cannot make out a claim against him under the bona fide dispute rule and the economic loss and independent injury rule. This matter was adequately addressed by the magistrate judge such that no further discussion is warranted to resolve Defendants' objections.

Accordingly, for all of the foregoing reasons, the court concludes, in accordance with the magistrate judge's findings and recommendation, that this action must be remanded because Defendants have not met their heavy burden under *Smallwood* of establishing that Spuriell was improperly joined.

## II.     Attorney's Fees

Neither party objected to the magistrate judge's recommendation that the court should deny Plaintiff's request for attorney's fees. The court agrees with the magistrate judge that none should be awarded because the law regarding adjuster liability under the Texas Insurance Code is not well established, and, thus, the removal was objectively reasonable.

## III.    Conclusion

For the reasons stated, after considering the Motion to Remand, briefs, pleadings, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court **concludes** that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Defendants' objections, **grants** Plaintiff's

Motion to Remand (Doc. 13), **denies** Plaintiff's request for attorney's fees, and **remands** this action to the 443rd District Court, Ellis County, Texas, from which it was removed. The clerk of the court is **directed** to effect the remand in accordance with the usual procedure and term all pending motions.

    **It is so ordered** this 19th day of December, 2017.

                                                          Sam A. Lindsay
                                                          United States District Judge